UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **Cardaeja Burns,** on behalf of herself and all other persons similarly situated, known and unknown, | No. |
| Plaintiffs, | **COLLECTIVE ACTION COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| **Cooper's Hawk Intermediate Holding, LLC** | |
| Defendant. | |

Plaintiff, Cardaeja Burns ("Plaintiff"), on behalf of herself and all other persons similarly situated who are current or former servers of Defendant's ("Collective Members") and by and through the undersigned attorney(s), sues the Defendant, Cooper's Hawk Intermediate Holding, LLC and alleges as follows:

## PRELIMINARY STATEMENT

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendant's failure to pay Plaintiff and other similarly-situated employees all earned minimum wages.

2.      This lawsuit also arises under Illinois Minimum Wage Law 820 ILCS 105/ for Defendant's failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

3.      Plaintiff brings this action on behalf of herself and all similarly-situated current and former servers of Defendant's who were compensated at a rate of less than the applicable Illinois and federal minimum wage on account of receiving tips in a given workweek.

1

4.      Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendant for its unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

5.      Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendant for its unlawful failure to pay minimum wage and overtime due and owing Plaintiff and others similarly-situated in violation of the Illinois Minimum Wage Law 820 ILCS 105/.

6.      Plaintiff brings a collective action under the FLSA to recover the unpaid minimum wages and overtime owed to them individually and on behalf of all other similarly-situated servers, current and former, of Defendant.  Members of the Collective Action are referred to as the "Collective Members."

7.      Additionally, Defendant's failure to compensate Plaintiff and all other non-exempt servers and/or bartenders at a rate equal to Illinois's required minimum wage violates the Illinois Minimum Wage Law.  Plaintiff, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages and other damages owed under Illinois wage laws.  Members of the Rule 23 Class Action are referred to as the "Class Action Members."

8.      The Collective Members are all current and former servers and bartenders who were employed by Defendant at any time starting three years before this Complaint was filed, up to the present.

9.      The Class Action Members are all current and former servers and/or bartenders who were employed by Defendant in Illinois at any time starting three years before this Complaint was filed, up to the present

2

10.     Defendant owns and operates a chain of Coopers Hawk restaurants which are the subject of this lawsuit.

11.     Defendant has a policy or practice of paying its employee servers and bartenders sub-minimum hourly wages under the tip-credit provisions of the FLSA.

12.     Under the tip-credit provisions of the FLSA, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations.  But an employer is *not* permitted to take a tip credit against its minimum wage obligations when it (1) requires its tipped employees to perform non-tipped work that is ***unrelated*** to the employees' tipped occupation (i.e., "dual jobs"); **or** (2) when the employer requires its tipped employees to perform non-tipped that is ***related*** to the employees' tipped occupation such as cleaning and setting tables, toasting bread, making coffee and washing dishes or glasses more than "part of the time" or "occasionally". 29 C.F.R. §531.56(e) ("Dual Jobs" regulation); *Osman v. Grube*, Case No. 16-cv-802, (N.D. Ohio, July 7, 2017) (Helmick, J). citing favorably to *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time"); *O'Neal v. Denn-Ohio, LLC*, 2020 WL 210801, at *10 (N.D. Ohio Jaurary 14, 2020).

13.     Defendant violated the FLSA and Illinois law by enforcing a policy or practice of paying Plaintiff, the Collective Members and the Class Action Members sub-minimum, tip-credit wages even when it required those employees to perform non-tipped work that is ***unrelated*** to their tipped occupation (i.e., "dual jobs").

14.     Defendant violated the FLSA and Illinois law by enforcing a policy and practice of paying Plaintiff, the Collective Members and the Class Action Members sub-minimum, tip-credit

3

wages while requiring those employees to perform work that does not provide service to customers for which tipped employees receive tips and does not directly support tip-producing work.

15.     Defendant violated the FLSA and Illinois law by enforcing a policy or practice of requiring servers and bartenders to perform non-tipped work that, even if it was *related* to their tipped occupation, was performed more than occasionally or part of the time. Instead, Defendant required such *related* non-tipped labor to be performed for unreasonable amounts of time that are not contemporaneous to direct customer service duties and for amounts of time that exceed 20 percent of Plaintiff's, the Collective Members' and the Class Action Members' time worked in one or more individual workweeks.

16.     Defendant violated the FLSA and Illinois law by enforcing a policy or practice of requiring servers and bartenders to perform non-tipped work that, while directly supporting tip-producing work, exceeded 20 percent of Plaintiff's, the Collective Members' and the Class Action Members' time in any given workweek.

17.     The FLSA and Illinois law require that employers pay non-exempt employees one and one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.  An employer of tipped employees who imposes a tip credit upon the wages of those tipped employees must pay, at minimum, one and one-half times the full, applicable minimum wage, less the available tip credit, to those employees for all time they spend working in excess of 40 hours in a given workweek.

18.     The FLSA and Illinois law specifically prohibit an employer from calculating a tipped employee's overtime rate at one and one-half times that employee's sub-minimum-wage hourly rate of pay.  29 C.F.R. § 531.60.  *See also Inclan v. New York Hospitality Group, Inc.*, 95 F.Supp.3d 490, 498-99 (S.D.N.Y. March 26, 2015).

**JURISDICTION AND VENUE**

19.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

20.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

21.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff, the Collective Members, and the Class Action Members occurred within the Northern District of Illinois, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

22.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

23.     Plaintiff individual residing in Berwyn, Illinois, and is an employee of Defendant's.

24.     Plaintiff was employed as a server and bartender at Defendant's Coopers' Hawk restaurant in Oak Park, Illinois from approximately June 18, 2022 to the present.

25.     At all material times, Plaintiff was paid by Defendant as a tipped employee under the FLSA.

26.     Defendant employed Plaintiff performed various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, cleaning, busing tables, washing dishes and other side work.

27.     At all material times, Plaintiff was an employee of Defendant's as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

28.     Plaintiff has given her written consent to be a Representative Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is appended hereto as Exhibit A.

29.     At all material times, Defendant Cooper's Hawk was a corporation duly licensed to transact business in the State of Illinois.

30.     Defendant Cooper's Hawk does business, has offices, and/or maintains agents for the transaction of its customary business in this district.

31.     Defendant Cooper's Hawk was Plaintiffs' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

32.     Under the FLSA, Cooper's Hawk is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Cooper's Hawk had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendant.  Having acted in the interest of Cooper's Hawk in relation to the company's employees, including Plaintiff, Defendant Cooper's Hawk is subject to liability under the FLSA.

33.     At all material times, Defendant was Plaintiff's and the Class Members' "employer," as defined by 820 ILCS 105/3 (c).

### DEFENDANT IS A "SINGLE ENTERPRISE" AND "SINGLE EMPLOYER"

34.     Defendant owns and operates a chain of Cooper's Hawk restaurants.

35.     At all material times, Defendant has operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendant has

performed related activities through unified operation and common control for a common business purpose; namely, the operation of a chain of Cooper's Hawk restaurants.

36.     Defendant is engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned Cooper's Hawk restaurants.

37.     Defendant runs each Cooper's Hawk restaurant identically, or virtually identically, and Defendant's customers can expect the same kind of customer service regardless of the location.

38.     Defendant shares employees between restaurant locations.

39.     Defendant shares common management between restaurant locations. The Cooper's Hawk restaurants share common human resources and payroll services.

40.     Defendant uses the trade name "Cooper's Hawk" at all of their restaurant locations.

41.     Defendant's restaurants are advertised on the same website.

42.     Defendant provides the same array of products and services to its customers at its Coopers Hawk restaurant locations.

43.     This chain of restaurants provides the same service product to its customers by using a set formula when conducting its business.

44.     Part of that set formula is the wage violations alleged in this complaint.

## STATEMENT OF FACTS

45.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

46.     Plaintiff and the Collective Members, in their work for Defendant, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

47.     Defendant paid Plaintiff, the Collective Members, and the Class Action Members a sub-minimum wage, ostensibly according to the tip-credit provisions of the FLSA, which allow

an employer to pay an hourly wage less than the statutory minimum wage, provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m).

48.     Defendant regularly and frequently required Plaintiff, the Collective Members and the Class Action Members to perform a number of non-tipped duties *unrelated* to their tipped occupations and not directly supporting tip-producing work, including but not limited to: restocking bowls, plates, and spoons; filling and washing syrup containers; cleaning the expo counter and shelves; cleaning bill holders; sweeping server alley, including pulling out tables and coolers; taking out server alley trash; cleaning out the ice drain on dish tank; cleaning bathrooms; scrubbing toilets; cleaning bathroom sinks and mirrors; mopping bathroom floors; filling ice bins and washing the scoop; cleaning soda nozzles with a toothbrush and soaking them in hot water; cleaning drains with bleach; rinsing the mats for the soda station; detail cleaning the soda machine; restocking the straws, lids, and to-goo cups; labeling and storing lemons; restocking cups; cleaning stainless steel shelves; refilling napkin containers; scrubbing walls; scrubbing and washing dishes; stocking to-go boxes and bags; filling condiment shelves; stocking plates and celery bowls under expo window; wiping POS screens with glass cleaner; wiping counters; cleaning to-go station walls; cleaning to-go station shelves; breaking down and cleaning tea urns and coffee pots; cleaning tea and coffee nozzles with toothbrush and soaking in hot water; filling sugar caddies; stocking tea and coffee filters; cleaning tea and coffee shelves; turning off steamwell and ice bathing soups; storing soups in walk-in; emptying and cleaning out steamwell; mopping the dining room; mopping BOH areas; and filling all sauces.

49.     Defendant paid Plaintiff, the Collective Members and the Class Action Members a sub-minimum wage for all hours that they worked for Defendant, including the periods during

which Plaintiff, the Collective Members and the Class Action Members were performing non-tipped duties.

50.     Defendant regularly and frequently required Plaintiff, the Collective Members and the Class Action Members to perform a number of non-tipped duties *related* to their tipped occupation and directly supporting tip-producing work, including but not limited to: refilling salt and pepper shakers and ketchup bottles, rolling silverware, folding napkins, sweeping or vacuuming under tables in the dining area, and setting and bussing tables. Defendant required Plaintiff and the Collective Members to perform such *related* non-tipped tasks more than occasionally or part of the time. Defendant required Plaintiff, the Collective Members and the Class Action Members to perform such *related* non-tipped tasks for unreasonable amounts of time that were not contemporaneous to direct customer service duties and for amounts of time that exceed 20 percent of Plaintiff's, the Collective Members' and the Class Action Members' time worked in one or more individual workweeks.

## FLSA COLLECTIVE ACTION ALLEGATIONS

51.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52.     Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

53.     Plaintiff assert those claims on behalf of herself, and on behalf of all similarly situated tipped employees employed by Defendant, who were not paid all compensation required by the FLSA during the relevant time period as a result of Defendant's compensation policies and practices.

54. Plaintiff seeks to notify the following employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All individuals who worked at any time during the past three years at any restaurant owned or operated by Defendant in the job position of server and/or bartender and who were paid for their work on an hourly basis according to the tip credit provisions of the FLSA, (*i.e.* an hourly rate less than the applicable minimum wage, excluding tips).**

55. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiff and similarly situated employees' claims arise out of Defendant's willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all tipped employees employed by Defendant within three years from the filing of this Complaint.

56. Upon information and belief, Defendant has employed hundreds of tipped employees during the period relevant to this action.

57. The identities of these employees, as a group, are known only to Defendant. Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

58. Because these similarly situated tipped employees are readily identifiable by Defendant and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

59. Collective adjudication is appropriate in this case because the tipped employees whom Plaintiff wishes to notify of this action have been employed in positions similar to Plaintiff; have performed work similar to Plaintiff; and have been subject to compensation practices similar

10

to those to which Plaintiff has been subjected, including unlawful payment of sub-minimum wages for non-tipped work and unlawful application of the FLSA's tip credit provisions.

## ILLINOIS CLASS ACTION ALLEGATIONS

60.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61.     Plaintiff brings her Illinois wage claims as a Rule 23 class action on behalf of the following Class Action Members:

> **The Class Action Members are all of Defendant's current and former servers and/or bartenders who worked in Illinois and were paid an hourly rate of less than the Illinois minimum wage on account of their receiving tips, starting <u>three years before this lawsuit was filed up to the present</u>.**

62.     <u>Numerosity</u>.  The number of Class Action Members is believed to be over one hundred.  This volume makes bringing the claims of each individual Class Action Member before this Court impracticable.  Likewise, joining each individual Class Action Member as a plaintiff in this action is impracticable.  Furthermore, the identity of the Class Action Members will be determined from Defendant's records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the Class Action Members and Defendant.

63.     <u>Typicality</u>.  Plaintiff's claims are typical of the Class Action Members because like the Class Action Members, Plaintiff was subject to Defendant's uniform policies and practices and was compensated in the same manner as the other Class Action Members.  Defendant regularly failed to compensate Plaintiff and the Class Action Members the proper overtime rate. This was done by paying an overtime rate of one and one-half times the tipped minimum wage, rather than multiplying the full applicable minimum wage by one and one-half times and then subtracting the

11

tip credit.. As a result, Defendant failed to pay Plaintiff and the Class Action Members both minimum wage and overtime for hours worked.

64.     As a result of such policy and practice by Defendant, Defendant violated the minimum and overtime wage provisions of the Illinois Minimum Wage Law 820 ILCS 105/.

65.     <u>Adequacy</u>.  Plaintiff is a representative party who will fairly and adequately protect the interests of the Class Action Members because it is in her interest to effectively prosecute the claims in this Complaint in order to obtain the unpaid wages and penalties required under Illinois law.  Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiff does not have any interest that may be contrary to or in conflict with the claims of the Class Action Members she seeks to represent.

66.     <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

       a.     Whether Defendant failed to pay Plaintiff and the Class Action Members the minimum wage for all hours worked;

67. Common issues of law include, but are not limited to:

       a.   Whether Defendant properly paid all minimum wages due and owing to Plaintiff and the Class Action Members;

       b.   Whether Defendant properly paid all overtime wages due and owing to Plaintiff and the Class Action Members;

       c.   Whether Defendant were entitled to impose a tip credit on the wages of Plaintiff and the Class Action Members;

       d.   Whether Plaintiff and the Class Action Members are entitled to compensatory damages;

12

     e.   The proper measure of damages sustained by Plaintiff and the Class Action Members; and

     f.   Whether Defendant's actions were "willful."

68.   <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any of the Class Action Members could afford to pursue individual litigation against companies the size of Defendant, doing so would unduly burden the system.  Individual litigation would magnify the delay and expense to all parties and burden the court system with duplicative lawsuits.  Prosecution of separate actions by individual Class Action Members would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

69.   A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court and Judge.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. The identities of the Class Action Members are readily identifiable from Defendant's records.

70.   This type of case is well-suited for class action treatment because: (1) Defendant's practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove it properly compensated its employees; (3) the burden is on Defendant to accurately record hours worked by employees; and (4) the burden is on Defendant to prove it properly imposed the tip credit upon its employees.

71.   Ultimately, a class action is a superior forum to resolve the Illinois state law claims set forth in this Complaint because of the common nucleus of operative facts centered on the

continued failure of Defendant to pay Plaintiff and the Class Action Members according to applicable Illinois laws.

### COUNT ONE: REQUIRED LABOR WHICH DOES NOT PROVIDE SERVICE TO CUSTOMERS AND IS NOT IN DIRECT SUPPORT OF TIP PRODUCING WORK UNDER THE FLSA

72.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73.     Defendant failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq.,29 C.F.R. § 531.56(e), and relevant case law by requiring Plaintiff and the Collective Members in a given workweek, and during each and every workweek Plaintiff and the Collective Members were employed by Defendant, to perform non-tipped labor ***unrelated*** to their tipped occupations and not in direct support of tip-producing work, including but not limited to: restocking bowls, plates, and spoons; filling and washing syrup containers; cleaning the expo counter and shelves; cleaning bill holders; sweeping server alley, including pulling out tables and coolers; taking out server alley trash; cleaning out the ice drain on dish tank; cleaning bathrooms; scrubbing toilets; cleaning bathroom sinks and mirrors; mopping bathroom floors; filling ice bins and washing the scoop; cleaning soda nozzles with a toothbrush and soaking them in hot water; cleaning drains with bleach; rinsing the mats for the soda station; detail cleaning the soda machine; restocking the straws, lids, and to-goo cups; labeling and storing lemons; restocking cups; cleaning stainless steel shelves; refilling napkin containers; scrubbing walls; scrubbing and washing dishes; stocking to-go boxes and bags; filling condiment shelves; stocking plates and celery bowls under expo window; wiping POS screens with glass cleaner; wiping counters; cleaning to-go station walls; cleaning to-go station shelves; breaking down and cleaning tea urns and coffee pots; cleaning tea and coffee nozzles with toothbrush and soaking in hot water; filling sugar caddies;

stocking tea and coffee filters; cleaning tea and coffee shelves; turning off steamwell and ice bathing soups; storing soups in walk-in; emptying and cleaning out steamwell; mopping the dining room; mopping BOH areas; and filling all sauces.

74. Defendant knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing labor unrelated to their tipped occupation, would violate federal law and Defendant was aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

75. Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff Cardaeja Burns, on behalf of herself and all other similarly situated persons, respectfully requests that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendant for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: EXCESSIVE REQUIRED LABOR IN DIRECT SUPPORT OF TIP-PRODUCING WORK IN VIOLATION OF THE FLSA

76. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77. Defendant failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq.,29 C.F.R. § 531.56(e), and relevant case law by requiring Plaintiff and the Collective

Members in a given workweek, and during each and every workweek Plaintiff and the Collective Members were employed by Defendant, to perform non-tipped labor ***related*** to or in direct support of their tip-producing work more than "part of the time" or occasionally. Plaintiff and the Collective members performed such ***related*** non-tipped labor for unreasonable amounts of time that were not contemporaneous to their direct customer service duties and in excess of twenty percent (20%) of their regular workweek, while paying Plaintiff and the Collective Members at the tip credit rate. Examples of such non-tipped labor ***related*** to their tipped occupation of servers include, but are not limited to, refilling salt and pepper shakers and ketchup bottles, rolling silverware, folding napkins, sweeping or vacuuming under tables in the dining area, and setting and bussing tables.

78. Defendant knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing such amounts of non-tipped labor related to their tipped occupation, would violate federal law and Defendant was aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

79. Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Cardaeja Burns, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendant for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest,

reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT THREE: REQUIRED WORK WHICH DOES NOT PROVIDE SERVICE TO CUSTOMERS AND IS NOT IN DIRECT SUPPORT OF TIP-PRODUCING WORK IN VIOLATION OF ILLINOIS LAW

80.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

81.    Plaintiff and the Class Action Members were non-exempt employees entitled to statutorily mandated minimum and overtime wages.

82.    Defendant violated Illinois law by requiring Plaintiff and the Class Action Members in a given workweek, and during each and every workweek Plaintiff and the Class Action Members were employed by Defendant, to perform non-tipped labor *unrelated* to their tipped occupations and not in direct support of tip-producing work, including but not limited to: restocking bowls, plates, and spoons; filling and washing syrup containers; cleaning the expo counter and shelves; cleaning bill holders; sweeping server alley, including pulling out tables and coolers; taking out server alley trash; cleaning out the ice drain on dish tank; cleaning bathrooms; scrubbing toilets; cleaning bathroom sinks and mirrors; mopping bathroom floors; filling ice bins and washing the scoop; cleaning soda nozzles with a toothbrush and soaking them in hot water; cleaning drains with bleach; rinsing the mats for the soda station; detail cleaning the soda machine; restocking the straws, lids, and to-goo cups; labeling and storing lemons; restocking cups; cleaning stainless steel shelves; refilling napkin containers; scrubbing walls; scrubbing and washing dishes; stocking to-go boxes and bags; filling condiment shelves; stocking plates and celery bowls under expo window; wiping POS screens with glass cleaner; wiping counters; cleaning to-go station walls; cleaning to-go station shelves; breaking down and cleaning tea urns and coffee pots; cleaning tea

and coffee nozzles with toothbrush and soaking in hot water; filling sugar caddies; stocking tea and coffee filters; cleaning tea and coffee shelves; turning off steamwell and ice bathing soups; storing soups in walk-in; emptying and cleaning out steamwell; mopping the dining room; mopping BOH areas; and filling all sauces.

83. Defendant knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Class Action Members the full applicable minimum wage, without applying the tip credit, for time spent performing labor unrelated to their tipped occupation, would violate federal law and Defendant was aware of Illinois' minimum wage and overtime requirements during Plaintiff's and the Class Action Members' employment. As such, Defendant's conduct constitutes a willful violation of Illinois law.

84. Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial and treble damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Cardaeja Burns, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Class Action Members' favor, and against Defendant for compensation for unpaid minimum wages, treble damages, statutory interest, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT FOUR: EXCESSIVE REQUIRED LABOR IN DIRECT SUPPORT OF TIP-PRODUCING WORK IN VIOLATION OF ILLINOIS LAW

85. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86. Plaintiff and the Class Action members were non-exempt employees entitled to the statutorily mandated minimum and overtime wages.

87. Defendant violated Illinois law by requiring Plaintiff and the Class Action Members in a given workweek, and during each and every workweek Plaintiff and the Class Action Members were employed by Defendant, to perform non-tipped labor ***related*** to or in direct support of their tip-producing work more than "part of the time" or occasionally. Plaintiff and the Class Action Members performed such ***related*** non-tipped labor for unreasonable amounts of time that were not contemporaneous to their direct customer service duties and in excess of twenty percent (20%) of their regular workweek, while paying Plaintiff and the Class Action Members at the tip credit rate. Examples of such non-tipped labor ***related*** to their tipped occupation of servers include, but are not limited to, refilling salt and pepper shakers and ketchup bottles, rolling silverware, folding napkins, sweeping or vacuuming under tables in the dining area, and setting and bussing tables.

88. Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff and the Class Action Members the full applicable minimum wage, without applying the tip credit, for time spent performing such amounts of non-tipped labor related to their tipped occupation, would violate Illinois law and Defendant was aware of Illinois' minimum wage and overtime requirements during Plaintiff's and the Class Members' employment. As such, Defendant's conduct constitutes a willful violation of the Illinois law.

89. Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to two-times all such unpaid wages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Cardaeja Burns, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Class Action

Members' favor, and against Defendant for compensation for unpaid minimum wages, treble damages, statutory interest, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this April 6, 2023.

FRADIN LAW, LLC

By: /s/ *Michael L. Fradin*
Michael L. Fradin (OH No. 0091739)
FRADIN LAW, LLC
8 N. Court St., Suite 403
Athens, Ohio 45701
Telephone: (847) 986-5889
Fax: (847) 673-1228
Email: mike@fradinlaw.com

SIMON LAW CO.

By: /s/ *James L. Simon*
James L. Simon (*Pro Hac Vice* Forthcoming)
5000 Rockside Road
Liberty Plaza Building – Suite 520
Independence, OH 44131
Telephone: (216) 816-8696
Email: james@simonsayspay.com